EMANUEL COYKENDALL and MARTIN COYKENDALL v. MARY RUTHERFORD, Executrix, &c. of JOHN RUTHERFORD, deceased.

Where a testator by his will devises all his real and personal estate to nine persons, named in the will, in trust for the purposes therein expressed, and appoints the same persons by name executors, with full power *to them and to a majority of them, and to a majority of the survivors of them,* to sell his lands and to execute deeds for all lands contracted to be sold by the testator in his life time; if one of the executors dies in the life time of the testator, and all the others except one refuse to act, the acting executor is authorized under the statutes of New-Jersey to convey the land.

THIS bill was filed by the complainants to compel the specific performance of a contract entered into by John Rutherford, in his life time, with the complainants, for the conveyance of a tract of land situate in the county of Sussex. The answer of the defendant admits all the material facts charged in the bill of complaint, but states that doubts have been suggested by her

counsel whether the testator intended, by the power given to his executors in his will, that deeds should be made by any one of his executors who might prove the same ; and also, whether the defendant, under the statutes of the state of New-Jersey, is lawfully authorized by the will to execute the conveyance, as prayed for by the complainants. The defendant insists that the complainants ought not to require her to execute such conveyance without the decree and direction of this court, and submits to act in the matter under the direction, protection and indemnity of the court.

The cause was heard upon the bill and answer.

*D. Thompson,* for complainant.

*R. Vanarsdale,* for defendant.

The Chancellor. The only question presented by the bill and answer, is, whether Mary Rutherford, the defendant, has the power by the will of John Rutherford, to convey the lands in question. The will bears date the 8th of May, 1833. By it he devises all his real and personal estate to nine persons therein named, in trust, for the purposes therein expressed. He then appoints the same persons, by name, executors, with full power *to them and to a majority of them, and to a majority of the survivors of them,* to sell his lands, and to execute deeds for all lands contracted to be sold by the testator in his life time. There are several codicils to the will, which make no alteration finally as to the executors, except the addition of two more, Archibald Russell and his wife, to the number already named. The facts are so stated in the answer, though it would seem from a copy of the will and codicils accompanying the papers, that the testator revoked the appointment of Robert Walter Rutherford, one of the executors originally named, by the last codicil, made the 2d of December, 1839; but this cannot vary the question now to be settled. One of the executors, Mary Rutherford Jay, died before the testator, and the rest have neglected to prove the will

47

[Coykendall v. Rutherford.]

except the defendant, Mary Rutherford, who has in due form of law proved the will and taken upon herself the execution thereof.

At the common law, there can be no doubt, all the executors named must join in the deed; but the statutes of New-Jersey have altered the common law in that respect, and provided, as I think, for the case here stated, so as to enable the executrix who has proved the will to execute the deed alone. By the act of 1795 it is provided, that where lands shall be devised by will to executors to be sold, or shall be ordered to be sold by executors, and after the testator's death part of such executors refuse or neglect to act, then all bargains and sales of the lands so ordered to be sold, made by such of the executors as shall accept and prove the will, shall be as good and effectual in the law as if all those named in the will as executors had joined in the bargain and sale. By the act of 1815 it is provided, that if by will power shall be given to two or more executors to sell the testator's real estate, and one or more of the executors so named shall refuse to prove the will or die, then, *unless it is otherwise expressed in the will,* the trust shall vest in the acting executors or the survivor or survivors, who may execute the trust alone. And by the act of 1817 it is provided, that where lands are devised by will to executors to be sold, or shall be ordered to be sold by executors, and one or more of them shall die before the testator, and the surviving executors or any of them shall accept the appointment, then all bargains and sales of lands so willed to be sold, made by the executor so accepting, shall be as good and effectual in the law as if all the executors named in the will had joined in the sale.

The act of 1817 provides clearly for the case of the executor who died before the testator; and the acts of 1795 and 1815 provide for the case of executors neglecting or refusing to prove the will.

A doubt has been expressed whether the language of the will does not show an intent on the part of the testator against allowing one executor alone to execute the trust. I cannot think such

[Coykendall v. Rutherford.]

was his intention, or he would in express terms have so declared. In fact, the language used would rather imply a determination that there should in no event be a failure in executing the trust. He probably never contemplated that any would decline to act.

I consider the power to sell confided to the executors *as executors*, and not personally. They are the same persons, it is true, as by the original will are appointed trustees for the estate; but they are by name also appointed executors, and in that character directed to sell lands, and particularly to fulfill the contracts which the testator had entered into.

As, therefore, my opinion is that the defendant may legally convey the lands in question, according to the laws of this state, and as by the answer no other obstacle is interposed, but on the contrary the whole case is admitted, the complainants will be entitled to a decree for the performance of their contract, and that the defendant execute a deed for the lands accordingly.

The costs of both parties to be paid out of the estate of the testator.

Decree accordingly.